UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HANS CHRISTIAN ANDERSON,

        Plaintiff,

v.                                             Case No. 8:10-cv-2574-T-17MAP

OFFICER WHEELER,
L-DORM SECURITY, FBI,
ZEPHYRHILLS CORRECTIONAL INSTITUTION,

        Defendants.

_____

## O R D E R

      This cause is before the Court on Anderson's 42 U.S.C. § 1983 prisoner civil rights complaint filed pro se. Anderson claims that Defendants verbally threatened him and his brother who lives in New Jersey.  He claims that the Defendants have his brother's date of birth.  The entire filing is not plausible, as Anderson does not submit any facts to support his claims.

      The Prison Litigation Reform Act ("PLRA") amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

      Section 1915(g) requires the consideration of prisoner cases dismissed before, as well as after, the enactment of the PLRA. *Rivera v. Allin*, 144 F.3d 719, 730 (11th Cir.),

*cert. dismissed,* 524 U.S. 978 (1998). Anderson's prior cases dismissed as either frivolous, malicious, or for the failure to state a claim upon which relief may be granted include 8:10-cv-1290-T-23EAJ, 8:10-cv-1467-T-17EAJ, 8:10-cv-1513-T-26EAJ, and 8:10-cv-1691-26AEP.

Additionally, 8:10-cv-1512-T-23AEP, 8:10-cv-1593-27MAP, 8:10-cv-1651-27AEP, 8:10-cv-1692-33EAJ, 8:10-cv-1723-23TGW, 8:10-cv-1724-30TBM, and 8:10-cv-2054-T-23TGW were dismissed based on the "three strikes" provision in Section 1915(g).

Because he has had three or more prior dismissals and is not under imminent danger of serious physical injury, Anderson is not entitled to proceed in forma pauperis.[1] Anderson may initiate a new civil rights case by filing a civil rights complaint and paying the $350.00 filing fee.

Accordingly, the complaint (Doc. 1) is DISMISSED without prejudice to Anderson's filing a new complaint, in a new case, with a new case number, upon the payment of the $350.00 filing fee. The clerk shall close this case.

ORDERED at Tampa, Florida, on *NOVEMBER 22nd* 2010.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Hans C. Anderson

---

[1] Anderson did not file a motion to proceed in forma pauperis. Because he did not pay the filing fee, the Court construes this case as filed as an in forma pauperis case.